United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31219
_____

MARK H. DORN,

Plaintiff-Appellant,

versus

INTERNATIONAL PAPER CO.,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 01-CV-1196)
_____

Before REAVLEY, JONES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Mark Dorn, a retired employee of appellee International Paper Company

(IP), sued for additional benefits under IP's retirement plans. The district court granted

summary judgment in favor of IP. The issue is whether the plan administrator abused its

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

discretion in deciding that Dorn's years of service with IP from 1955 to 1965 did not entitle him to any additional pension benefits. Because we conclude that the administrator's interpretation of the relevant plan was legally correct, and that the passage of the ERISA statute subsequent to this plan does not compel a different result, we affirm.

Section 3.04(a) of the current retirement plan provides that "a Participant shall be credited with Years of Eligibility, Vesting and Credited Service equal to the number of such years . . . he received under the terms of any Prior Plan . . . ." The question therefore becomes whether Dorn was entitled to credited service under the Employees' Retirement Plan, known as the "1945 plan," which applied to those years in issue.

Dorn worked for IP from 1955 to 1965, and did not work for IP between the summer of 1965 and the spring of 1968,[1] when he began to work for Pineville Kraft Corporation. Years later, when IP acquired Pineville Kraft, IP gave employees under the Pineville Kraft retirement plan credit for years worked with that company. Dorn was given credit for the years he worked with Pineville Kraft, but was not given credit for his previous years with IP from 1955 to 1965.

The 1945 plan provides a normal retirement allowance in section 4(1) for employees who reach the age of 65, and an early retirement allowance in section 4(2) for employees who reach the age of 55 and have 20 or more years of service. Section 4(3)

---

[1] There is some evidence in the record that Dorn also worked for IP from February to December of 1967, but any such period of employment does not alter our analysis.

2

provides a deferred retirement allowance if the employee leaves for any reason other than death after age 45 and 20 years of creditable service. Dorn did not meet any of these requirements because he left before age 45 and before attaining 20 years of creditable service.

We also read the 1945 plan to preclude counting the years of service from 1955 to 1965 for purposes of the later retirement because of the prior break in service. Creditable service under section 3(1) consists of the sum of "prior service," which is not applicable to Dorn,[2] and "membership service." "Membership service" is defined in section 1(12) as "the period of service rendered by an employee as a member for which credit is allowed as provided in Section 3, Subsection (2)." Section 2(4) provides that if "any member shall cease to be an employee for any reason . . . his membership in the Plan shall thereupon terminate." Section 3(2)(b) applies to membership service for employees who retire on or after June 1, 1973, and provides:

> With respect to employees who retire on or after June 1, 1973, membership service, for purposes of Part I of Subsection (1)(b) of Section 4, shall include (1) any period(s) of service prior to June 1, 1970 as an employee rendered by a member prior to the attainment of age 65 since the date he became a member and/or since the last renewal of his membership for which period(s) contributions were made by the member and by the

---

[2] "Prior service" means service rendered before the effective date of the plan under section 1(13). The effective date of the plan is December 31, 1947 under section 1(2), so prior service is irrelevant to the pending case, since Dorn is not seeking retirement benefits for service before the effective date of the 1945 plan. We note that sections 3(3)(a) and 3(4) make specific reference to a one-year "break in service," but these provisions appear to apply only to prior service, and are therefore irrelevant to the pending dispute.

3

Company as provided in Section 5; provided, however, that such employee (a) was continuously employed by the Company during any such period during which he was not a contributing member of the Plan; and (b) did not withdraw any contributions which he made to the Plan; and (2) all service on or after June 1, 1970 as an employee rendered by a member prior to the attainment of age 65 since the date he became a member and/or since the last renewal of his membership.

We read this language along with section 2(4) to provide that an employee's break in service prior to June 1, 1970 results in a forfeiture of those years of service prior to the break in service. An employee who stops participating in the retirement plan does not lose credit if he remains continuously employed with the company, but if he ceases employment, as Dorn did, he loses credit for service prior to the break in employment.

We therefore conclude that the administrator's decision in this case is consistent with a fair reading of the plan. Dorn argues that two employees who were similarly situated, in that they worked for IP during the same time frame and then went to work for Pineville Kraft, were given credit for years worked with IP before going to work for Pineville Kraft. While consistency in the application of the plan is one factor in deciding whether an administrator has given the plan a legally correct interpretation, it is not the only factor we consider. We note that IP has since corrected its error and now treats all of these retirees the same. Given our own difficulties in interpreting the plan, we cannot say that inconsistent treatment of plan participants compels us to hold that IP's decision as to Dorn was the result of a legally incorrect interpretation of the plan or amounted to an abuse of discretion.

Dorn separately argues that the ERISA statute bars IP from denying him credit for all his years of service, and that the statute overrides any provision to the contrary in the 1945 plan. Dorn does not persuade us that ERISA prohibited the plan administrator from treating Dorn's years of service from 1955 to 1965 as forfeited under the terms of the 1945 plan for purposes of calculating his retirement benefit.

To the extent that ERISA would no longer allow the vesting period under the 1945 plan and the resulting forfeiture of credit due to Dorn's break in service, 29 U.S.C. § 1053(b)(1)(F) provides that in computing the nonforfeitable portion of an employee's accrued benefit, years of service before the effective date of ERISA (1974) may be disregarded "if such service would have been disregarded under the rules of the plan with respect to breaks in service."

AFFIRMED.